UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-21626-CIV-MORENO

OMAR ARRIOLA,

    Plaintiff,

vs.

SYNDICATED OFFICE SYSTEMS, INC., d/b/a
CENTRAL FINANCIAL CONTROL,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

This case involves allegations of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), Count I, and violations of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.*, Count II.

The Defendant moved to dismiss all counts under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant argues that the complaint contains ambiguous and conflicting allegations and therefore, the Court should dismiss Plaintiff's complaint.

As set forth below, the Court DISMISSES WITHOUT PREJUDICE Count II with leave to amend, but DENIES DISMISSAL as to Count I, which Plaintiff has sufficiently pled pursuant to Fed. R. Civ. P. 8(a).

## LEGAL STANDARD

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to

the plaintiff and accept the plaintiff's well-pleaded facts as true. *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). Even "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (citation omitted). Moreover, the Supreme Court has stated that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation omitted).

## ANALYSIS

For Count I, Plaintiff alleges sufficient facts to withstand a Rule 12(b)(6) motion to dismiss. Specifically, Plaintiff alleges that he incurred a debt that was transferred to Defendant for collection by the original creditor. Plaintiff sent a cease and desist letter requesting that Defendant stop contacting him to collect payment of the debt. Although Defendant received the letter on December 22, 2008, Defendant continued to contact Plaintiff to collect the debt. Plaintiff claims he has suffered out-of-pocket expenses as well as other actual damages as a result of these violations.

Likewise, Defendant's denial that it contacted Plaintiff after receiving the cease and desist letter is unpersuasive because under a motion to dismiss the Court must "accept plaintiff's well-pleaded facts as true." *St. Joseph's Hosp. Inc.*, 795 F.2d at 953. Defendant also seeks dismissal on the premise that Plaintiff did not attach the "dunning collection letter" allegedly sent by Defendant in violation of the FDCPA. However, even if the letter was not sent, Plaintiff still alleges Defendant contacted him through means other than the letter. And so, Plaintiff's claim under Count I is sufficiently pled to amount to a possible violation of the FDCPA.

In Count II, Plaintiff alleges he entered into a credit contract and purchased consumer goods or services for personal, family, or household use. Plaintiff explains that he "advised Defendant that this debt was obtained fraudulently." (Compl. ¶ 19.) Plaintiff thereafter claims that Defendant harassed Plaintiff in direct violation of Florida Statute § 559.72, *et seq.* Yet, these conclusory allegations are insufficient because they fail "to raise a right to relief above the speculative level" even when assuming all of Plaintiff's allegations are true. *Twombly*, 550 U.S. at 545. Thus, the Court DISMISSES Count II WITHOUT PREJUDICE with leave to amend. Accordingly, it is

**ADJUDGED** that the Court DENIES DISMISSAL as to Count I and the Court DISMISSES WITHOUT PREJUDICE Count II with leave to amend. Plaintiff shall file an amended complaint as to Count II by **March 8, 2010**. Failure to do so may result in a dismissal with prejudice of this claim. Defendant shall file an answer by **March 26, 2010**.

DONE AND ORDERED in Chambers at Miami, Florida, this 26th day of February, 2010.

_____
FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record